IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIGUEL DURAN,<br><br>        Plaintiff,<br><br>    v.<br><br>OFFICER WILLIAM WARNER, et al.,<br><br>        Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 07-5994 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    In this civil rights case in which the Court is currently considering Plaintiff's motion to amend his complaint, Plaintiff has filed a motion for a preliminary injunction and declaratory judgment based on declarations that the City of Atlantic City is improperly delaying criminal proceedings against him. [Docket Item 133.] Defendants have not opposed the motion. The Court finds as follows:

    1. According to Plaintiff, various officials are improperly delaying the resolution of state criminal proceedings against him that have been pending for over two years, and they are doing so in order to interfere with this federal civil rights suit knowing that this Court might be forced to abstain under Younger v. Harris, 401 U.S. 37 (1971) to avoid interference with those proceedings. Plaintiff asks this Court to force the Atlantic City Municipal Court judge to promptly resolve the criminal matter, and to comply with various constitutionally required

procedures for criminal cases.  Plaintiff also asks the Court to disregard the criminal proceedings when evaluating whether this civil rights action proceeds because the criminal proceedings are being kept open in bad faith in order to interfere with Plaintiff's civil case.

    2.  To the extent that Plaintiff is asking the Court to enjoin the City of Atlantic City to conduct its criminal proceedings in any particular fashion, this Court cannot grant that relief.  The Court can only enjoin state criminal proceedings brought in bad faith, meaning without a reasonable expectation of obtaining a valid conviction, see Kugler v. Helfant, 421 U.S. 117, 126 n. 6 (1975), or in extraordinary circumstances.  Here, according to Plaintiff, he was already convicted, but his conviction was vacated because the trial court failed to rule on his petition to represent himself at the criminal proceeding.  (Pl.'s Br. 4.)  Given his previous conviction on these remanded charges, the re-institution of the proceedings is not without a reasonable expectation of obtaining a valid conviction.  Nor does this Court find that the excessive delay of those proceedings constitute the kind of extraordinary circumstances necessary for a federal court to so directly interfere in the conduct of the State (though the Court takes no position on whether such delay is sufficient for the Court to entertain the related civil claims despite the pending criminal

proceedings). In particular, Plaintiff does not state that he has sought and been denied relief from the state appellate court based on the allegedly undue delay. See Moore v. Sims, 442 U.S. 415, 432 (1979) (noting the importance of pursuing appellate remedies for undue delay in state proceedings in order to avoid the Younger bar).

    3. Independently, the relief Plaintiff seeks in this motion must be denied because the only imminent and irreparable harm justifying a preliminary injunction alleged by Plaintiff is the interference with his civil suit, an injury which this Court itself has the ability to remedy by deciding not to abstain because of the proceedings. Consequently, the Court finds that this issue of the propriety of the state criminal proceeding is better addressed when the Court considers whether to abstain from hearing this case, in due course.

    4. To the extent that Plaintiff is arguing that the Atlantic City criminal prosecution is a bad faith effort to foreclose his federal civil claims (by having an ongoing proceeding and by preventing him from vindicating his conviction), and that this Court should therefore not consider that prosecuting when addressing his civil claims, then the argument is premature, as the Court has not yet reached questions of abstention or related issues. Recognizing that this pro se Plaintiff's 31-page handwritten submission containing citation to

3

legal opinions must have taken considerable time and effort, the Court will permit Plaintiff to refer to this filing if he should in the future need to present these arguments as opposition to dismissal under Younger, or related doctrines.  For the above reasons, the Court will deny Plaintiff's motion.

     5.  Finally, Plaintiff has moved for an extension of time to reply to Defendant's motion for summary judgment [Docket Item 121].  Because that motion has been dismissed without prejudice to re-filing after Plaintiff's motion to amend his pleadings is decided [Docket Item 119], the motion for an extension of time to oppose the motion is moot.  The accompanying Order will be entered.

**March 28, 2011**                                       **s/ Jerome B. Simandle**
Date                                                    JEROME B. SIMANDLE
                                                           United States District Judge