IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIGUEL DURAN, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER WILLIAM WARNER, et al., <br><br> Defendants. | HON. JEROME B. SIMANDLE <br><br> Civil No. 07-5994 (JBS/AMD) <br><br> **<u>OPINION</u>** |

APPEARANCES:

Mr. Miguel Duran, <u>pro</u> <u>se</u>
108 Jericho Road
Tuckerton, NJ 08087

David John Azotea, Esq.
LEVINE STALLER SKLAR CHAN BROWN & DONNELLY PA
3030 Atlantic Avenue
Atlantic City, NJ 08401
    Attorney for Defendant John J. Mooney, III

**SIMANDLE**, Chief Judge:

## I. INTRODUCTION

    This matter is before the Court on the motion of Defendant John J. Mooney, III, for summary judgment. [Docket Item 201.] The Plaintiff responded to this motion by alleging that Defendant Mooney had not complied with Plaintiff's discovery requests and therefore the Plaintiff did not have sufficient facts to oppose summary judgment. [Docket Item 203.] The Court then instructed the Plaintiff to file an affidavit in accordance with Fed. R. Civ. P. 56(d) identifying what specific discovery was withheld

and how this would preclude summary judgment. [Docket Item 204.] The Plaintiff then filed a Rule 56(d) affidavit in accordance with this Court's letter order. [Docket Item 207.] Defendant Mooney filed a timely response. [Docket Item 208.]

For the reasons discussed below, the Court will grant Defendant Mooney's motion for summary judgment.

**II. BACKGROUND**

The instant action arises out of separate incidents which occurred on June 8, 2007 and June 23, 2007, as well as other incidents allegedly occurring between August and September 2007. [Docket Item 73.]

The Amended Complaint alleges that on or about June 8, 2007, Plaintiff was arrested for possession of marijuana by Patrolman William Warner. (Id. at ¶ 15.) Plaintiff claims Warner took him to the police station, requested he remove his clothing and proceeded to strip search his body. (Id. at ¶¶ 16, 17.)

Plaintiff then claims that on or about June 23, 2007, he was on 24 South Florida Avenue, Atlantic City and attempted to flag down a police car and was subsequently searched by Patrolman Nirenburg and subjected to a National Crime Information Center check. (Id. at ¶ 22.) Several patrol cars allegedly arrived on the scene during this search containing Patrolmen Logan, Yarrow, Abrams and Braasch. (Id. at ¶ 23.) Plaintiff then claims Logan, Yarrow, Abrams, Braasch and Nirenburg followed him back to his

2

apartment. (Id. at ¶ 24.) At his apartment, Plaintiff claims these patrolmen punched and kicked him repeatedly and used excessive force against him. (Id. at ¶ 25.) Plaintiff claims he sustained several injuries and the patrolmen refused to provide him with appropriate medical care. (Id. at ¶ 31.)

After these incidents occurred, Plaintiff filed a written complaint with Internal Affairs against Defendants Warner, Logan, Nirenburg, Abrams, Braasch, and Yarrow on or about August 2, 2007. (Id. at ¶ 34.) Plaintiff alleges that as a result of filing this complaint, he was stopped repeatedly by Patrolman Warner between August 2007 and September 2007 and subjected to a retaliatory search without probable cause. (Id. at ¶ 36.)

Plaintiff filed the instant action pro se on December 17, 2007. [Docket Item 1.] Plaintiff then retained counsel and filed an Amended Complaint on January 25, 2010. [Docket Item 73.] Plaintiff names numerous defendants including the Atlantic City Police Department, the City of Atlantic City, Patrolman William Warner, Patrolman William Logan, Jr., Patrolman Jeremy Nirenburg, Patrolman Patrick Yarrow, Patrolman Jeffrey Braasch, Patrolman Glen Abrams and Chief of Police John J. Mooney, III. (Id. at ¶¶ 2-10.) As to Defendant Mooney, Plaintiff alleges:

> Defendant John J. Mooney III (hereinafter "Mooney"), was at all times relevant hereto acting under color of law and employed as a law enforcement officer and/or supervisor for the Atlantic City Police Department, and was responsible for upholding and enforcing the law and maintaining the peace in Atlantic City, and/or for the

>training and supervision of the law enforcement officers
>employed by the Police Department.

(Id. at ¶ 10.) In the caption of the Amended Complaint, however, Plaintiff states that he is suing Defendant Mooney in his individual capacity as well as his official capacity.

Plaintiff's Amended Complaint brings five causes of action against Defendant Mooney pursuant to 42 U.S.C. § 1983 and alleges Defendant Mooney conspired to violate his civil rights in violation of 42 U.S.C. § 1985. Count One alleges that Defendant Mooney acted under the color of law and promulgated official policies, customs and practices which led to Defendant Warner subjecting Plaintiff to a strip search in violation of Plaintiff's constitutional rights. (Id. at ¶ 20.) Count Two alleges that Defendant Mooney acted under the color of state law and promulgated policies which led to Defendants Logan, Nirenburg, Abrams, Braasch and Yarrow using excessive force against the Plaintiff. (Id. at ¶ 28.) Count Three alleges that Defendant Mooney acted under the color of state law and promulgated policies that led to Defendants Braasch and Yarrow's refusal to allow medical treatment in violation of Plaintiff's constitutional rights. (Id. at ¶ 32.) Count Four alleges that Defendant Mooney acted under color of state law and promulgated policies which led to the retaliatory stopping and searching of Plaintiff from August 2007 through September 2007. (Id. at ¶ 38.) Count Five alleges that Defendant Mooney violated 42 U.S.C.

4

§ 1983 by training and supervising Defendant Patrolmen negligently, recklessly, with deliberate indifference, and/or with actual knowledge that such training and supervision would lead to the violation of Plaintiff's civil rights. (Id. at ¶ 40.) Finally, in Count Six, Plaintiff alleges Defendant Mooney, along with the other named Defendants, conspired to violate Plaintiff's civil rights in violation of 42 U.S.C. §§ 1983 and 1985.

Subsequently, Plaintiff's counsel filed a motion to withdraw from representation which was granted on October 8, 2010. [Docket 107.] Plaintiff then proceeded with the litigation representing himself, pro se. Factual discovery was extended to February 29, 2012. [Docket Item 173.] Before factual discovery was concluded, Plaintiff informed the Court that he would need an extension of time to complete discovery because he was placed in a rehabilitation program and was required to participate in the rehabilitation program for 180 days. [Docket Item 176.] In response, the Court administratively terminated the case on January 30, 2012 without prejudice to the Plaintiff filing to reopen the matter after he completed the treatment program. [Docket Item 180.]

Plaintiff then filed a letter request seeking to reopen the case on July 5, 2012, after he was released from the rehabilitation program. [Docket Item 182.] The court granted

this request and reopened the matter on October 23, 2012. [Docket Item 194.]

Plaintiff then filed a motion for an order to show cause seeking to compel discovery from the Defendants. [Docket Item 195.] In response, counsel for Defendant Mooney averred that he had complied with all of his discovery obligations and counsel for Defendant City of Atlantic City provided all requested discovery to the Plaintiff. [Docket Item 198.] Magistrate Judge Donio subsequently denied Plaintiff's order to show cause finding the Plaintiff had not specified which discovery requests the Defendants failed to comply with. This denial was without prejudice to the Plaintiff filing a subsequent motion setting forth each item of outstanding discovery and explaining why Defendants' responses are inadequate. [Docket Item 205.]

Defendant Mooney proceeded to file the instant motion for summary judgment. Defendant Mooney argues summary judgment should be entered in his favor and all claims against him should be dismissed. To the extent Plaintiff sues him in his official capacity, Defendant Mooney argues he is not a proper party because a claim against the police chief in his official capacity is actually a claim against the municipality. Next, Defendant Mooney maintains that the Plaintiff does not allege and produces no evidence that Defendant Mooney was aware of the Defendant Patrolmen's conduct, directed this conduct or was actively

6

involved in the alleged constitutional violations against the Plaintiff in any way.  Instead, Plaintiff's claims against Defendant Mooney are claims of vicarious liability based solely on being a supervisor which are not cognizable under § 1983.  Finally, Defendant Mooney argues that Plaintiff's claim for negligent hiring and supervision in Count Five is a state tort law claim which is not cognizable under § 1983 and therefore should be dismissed.

Plaintiff argues in opposition that he was prevented from obtaining discovery to prove his claims against Defendant Mooney.  Plaintiff concedes that in order for Defendant Mooney to be liable in his individual capacity, Defendant Mooney must have played an affirmative part in the Defendant Patrolmen's misconduct.  Plaintiff cites Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986), wherein the Third Circuit expressly held that "while supervising public officials may not in any way authorize, encourage, or approve constitutional torts, they have no affirmative constitutional duty to train, supervise or discipline so as to prevent conduct."  Id.  Plaintiff admits that he has no evidence showing Defendant Mooney knew or played an affirmative part in the incidents which allegedly violated his constitutional rights.  However, Plaintiff argues that were he permitted to obtain more discovery, he would be able to establish his individual capacity claim against Defendant Mooney.

Plaintiff then submitted a Rule 56(d) affidavit to further support his argument that he has insufficient discovery to oppose Defendant Mooney's motion for summary judgment. [Docket Item 207.] The Plaintiff also filed a "Motion Pursuant to Federal Rule 56(d)" which is almost identical to Plaintiff's 56(d) affidavit. [Docket Item 206.] This motion was treated as a motion to compel discovery pursuant to Fed. R. Civ. P. 37 and was denied without prejudice by Magistrate Judge Donio. [Docket Item 213.] Specifically with regard to Defendant Mooney, Judge Donio concluded that Plaintiff's discovery requests were overly broad, unduly burdensome and sought information not reasonably calculated to lead to admissible evidence. Judge Donio presumed that Plaintiff Duran was able to understand the Court's directive that any discovery motion must delineate the specific discovery requests at issue, including when and to whom they were made, noting that Plaintiff has had at least four other civil suits in this Court, each involving discovery motions and reconsiderations. [Docket Item 213, August 16, 2013 Order at 16-17 & n. 11.] Judge Donio further found that Defendant Mooney had previously disclosed all of the discovery requested by Plaintiff to Plaintiff's previous counsel. [Docket Item 213, August 16, 2013 Order at 22.] Therefore, with regard to Defendant Mooney, Magistrate Judge Donio denied Plaintiff's request for discovery.

The primary issue before the Court is whether Plaintiff's

56(d) affidavit sets forth sufficient grounds to deny or further delay the instant motion; if not, the issue is whether Plaintiff has adduced facts to raise a genuine issue of material fact as to Chief Mooney's liability, whether individually or in his official capacity.

## III. DISCUSSION

### A. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id. The Court will view any evidence in favor of the nonmoving party and extend any reasonable favorable inferences to be drawn from that evidence to that party. Hunt v. Cromartie, 526 U.S. 541, 552 (1999). See also Scott v. Harris, 550 U.S. 372, 378 (2007) (The district court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion.").

## B. 56(d) Affidavit

In response to a motion for summary judgment, the nonmoving party can file a Rule 56(d) declaration. Fed. R. Civ. P. 56 (d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>   (1) defer considering the motion or deny it;
>   (2) allow time to obtain affidavits or declarations or to take discovery; or
>   (3) issue any other appropriate order.

In the declaration, a party must specify: (1) what particular information is sought; (2) how, if uncovered, it would preclude summary judgment; and (3) why it has not previously been obtained. Pa., Dept. of Pub. Welfare v. Sebelius, 674 F.3d 139, 157 (3d Cir. 2012) (citing Dowling v. City of Phila., 855 F.2d 136, 139-40 (3d Cir. 1988)). If a party opposing summary judgment files an affidavit that specifically addresses these requirements, the Third Circuit has held that "a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course," especially when particular information is in the sole possession of the moving party. Malouf v. Turner, 814 F. Supp. 2d 454, 459-60 (D.N.J. 2011) (quoting Sames v. Gable, 732 F.2d 49, 51 (3d Cir. 1984)).

Plaintiff's affidavit does not set forth <u>any</u> specific discovery Defendant Mooney failed to provide. Instead, Plaintiff avers that he never received discovery from Defendant Atlantic

10

City. In addition, Plaintiff's 56(d) affidavit purports to request new items of discovery, namely: (1) Internal Affairs Reports, Personal Investigation Reports and Disciplinary Records for Defendant Mooney and Defendant Patrolmen Logan, Warner, Russo, Yarrow, Nirenberg, Abrams and Moynihan from 1995-2007; (2) all citizen complaints, meetings and notes pertaining to police brutality and misuse of K-9 dogs from 1995-2007; (3) racial profiling discovery from 1995-2013; (4) information pertaining to any state or federal lawsuit involving any of the individual Defendants from 1995-2007 (5) mug shots from individuals arrested by Defendant Mooney and Defendant Patrolmen from 1995-2007; and (6) trial transcripts and documents relating to the criminal charges brought against Plaintiff as a result of the 2007 incidents.

The court concludes Plaintiff's 56(d) affidavit does not set forth sufficient grounds to warrant delaying disposition of this motion or denying summary judgment.

First and foremost, the Plaintiff's declaration is vague, overbroad and fails to identify any specific facts Plaintiff hopes to uncover relating to Defendant Mooney's personal involvement in the alleged constitutional violations. The Plaintiff seeks a myriad of documents, including personnel files, meeting minutes and mug shots, from 1995-2007. Plaintiff also requests all "racial profiling discovery years 1999-2013."

11

(Pl.'s 56(d) Aff. at 12.)  Plaintiff's overbroad and vague requests are not tailored to reveal any particular information relating to Defendant Mooney's personal involvement in the 2007 incidents and instead are more akin to a fishing expedition designed to delay litigation in this case.  "Vague and general statements of what a party hopes to gain through a delay for discovery under Rule 56(d) are insufficient." Malouf v. Turner, 815 F. Supp. 2d 454, 459 (D.N.J. 2011).

Further, the Court notes that Plaintiff does not allege that Defendant Mooney has failed to comply with any of Plaintiff's previous discovery requests.  Rather, Plaintiff states that counsel for Defendant Atlantic City did not properly send him previously requested discovery because the discovery was sent to the Atlantic County Jail and shortly thereafter Plaintiff was released.  Plaintiff admits in his affidavit that "there might be a possibility that Defendant Counsel [for Atlantic City] did mail this discovery to [the] Atlantic County Justice Facility" but Plaintiff avers he never received it.  (Pl.'s 56(d) Aff. at 4.) Plaintiff was released from the Atlantic County Jail prior to August 31, 2012, as evidenced by Mr. Riley's letter of the same date.  (Pl.'s Ex. B.; Docket Item 190.)  Plaintiff presents no evidence showing that he reached out to counsel for Defendant Atlantic City regarding his non-receipt of discovery or to request that counsel for Defendant Atlantic City resend discovery

12

materials to a different address. Now, six months after his release, Plaintiff cannot be heard to argue that he was deprived of discovery when he has produced no evidence that he was diligent in making Defendants aware of his current address or that he attempted to resolve discovery issues in a timely manner. Plaintiff has provided no reasonable explanation for why he has not previously obtained the discovery he now seeks.

Therefore, the Plaintiff's Rule 56(d) affidavit is insufficient and cannot serve as a basis for denying Defendant Mooney's motion for summary judgment. The Plaintiff has not identified what specific information regarding Defendant Mooney is sought and how this information, if uncovered, would preclude summary judgment as to Defendant Mooney. Further, the Plaintiff has not explained why the discovery he seeks was not previously obtained. The Plaintiff offers no explanation for his delinquence in not informing Defendants of his current address while discovery was being produced and provides no indication that he attempted to work out discovery issues with Defendants' counsel in a reasonable or timely manner. Accordingly, the Court will not delay or deny summary judgment on the basis of insufficient discovery pursuant to Rule 56(d).

### C. Claims Against Defendant Mooney in his Official Capacity

To the extent Plaintiff brings suit against Defendant Mooney in his official capacity as Chief of Police, summary judgment

13

must be granted to dismiss these claims.

Municipal departments are not separate legal entities from the municipality they serve, and therefore cannot be named parties in conjunction with the municipality. See N.J. Stat. Ann §40A:14-118. See, e.g., Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997); Adams v. City of Camden, 461 F. Supp. 2d 263, 266 (D.N.J. 2006). As a result, a claim against a police chief in his official capacity is in essence a claim against the municipality. See Hafer v. Melo, 502 U.S. 21, 25 (1991) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988)("an official capacity suit is, in all respects other than name, to be treated as a suit against the entity [and it] follows therefore that the claims . . . insofar as they are against the defendant officials in their official capacities, are only a duplication of the counts asserted against the Township itself."); Dubas v. Olyphant Police Dep't, No. 3:11-cv-1402, 2012 U.S. Dist. LEXIS 56568, at *11 (M.D. Pa. April 20, 2012)("courts sitting in the Third Circuit have dismissed defendants sued in their official capacity when the same claims are made against the municipality.")

In this case, Plaintiff's claims against Defendant Mooney in his official capacity as Chief of Police are in effect claims

against Defendant City of Atlantic City. Indeed, Plaintiff makes identical claims against the municipality pursuant to § 1983. Accordingly, summary judgment is appropriate to dismiss the claims against Defendant Mooney in his official capacity as these claims are duplicative of the claims brought against Defendant City of Atlantic City.

### D. Claims Against Defendant Mooney in his Individual Capacity

Plaintiff's claims against Police Chief Mooney in his individual capacity arise under 42 U.S.C. § 1983, which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable for redress . . .

42 U.S.C. § 1983 (1996). For a plaintiff to establish personal liability in a § 1983 action, he must be able to show that the official, acting under color of state law, caused the deprivation of a federal right. Kentucky v. Graham, 473 U.S. 159, 165 (1985) (referencing Scheuer v. Rhodes, 416 U.S. 232, 237-238 (1974)).

Importantly, the Plaintiff must show that Defendant Mooney had personal involvement in the alleged wrongdoing since liability under § 1983 cannot be predicated solely on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); see also Parratt v. Taylor, 451 U.S. 527, 537 n.3

(1981). Section 1983 does not allow vicarious liability against supervisors for the actions of their employees. See, e.g., Iqbal, 556 U.S. at 676 (recognizing that vicarious liability is inapplicable to § 1983 suits); Monell, 436 U.S. at 692 (analyzing the statutory history and language of § 1983 and explaining why respondeat superior liability is not allowed).

In Sample v. Diecks, the Third Circuit Court of Appeals explained:

> [I]t is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the superior had done more than he or she did. The district court must insist that [plaintiff] identify specifically what it is that [defendant] failed to do that evidences his deliberate indifference.

Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989).

A defendant's personal involvement in causing a constitutional harm can be shown through "allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207. A Plaintiff must portray "specific conduct by state officials which violates some constitutional right." Gittlemacker v. Prasse, 428 F.2d 1, 3 (3d Cir. 1970).

The record currently before the Court contains no evidence that Defendant Mooney had any personal involvement in causing the harm alleged to the Plaintiff.[1] Since the record contains no

---

[1] As discussed supra in Subsection III.B., Plaintiff's 56(d) affidavit did not set forth sufficient grounds to warrant delaying decision of this motion in order to allow Plaintiff to conduct additional discovery as to Defendant Mooney.

evidence of Defendant Mooney's knowledge of or acquiescence in any of the alleged constitutional violations, the Court will grant Defendant Mooney's motion for summary judgment on Plaintiff's Section 1983 claims as well as Plaintiff's Section 1985 claim alleging civil conspiracy.  Therefore, these claims against Defendant Mooney in his individual capacity will be dismissed with prejudice.

> **E.  Negligent Hiring and Supervision Claim against Defendant Mooney**

In Count Five of Plaintiff's Amended Complaint, Plaintiff alleges Defendant Mooney "violated 42 U.S.C. § 1983 by training and supervising Defendant Patrolmen negligently, recklessly, with deliberate indifference and/or with actual knowledge that such training and supervision would lead to the violation" of Plaintiff's civil rights.  (Am. Compl. ¶ 40.)

It is well established that "even where a pattern of constitutional violations by subordinates is shown, supervising officials do not violate the constitutional rights of the victims of such misconduct unless they have played an affirmative part in that misconduct."  Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).  The Third Circuit has explained that "while supervising public officials may not in any way authorize, encourage, or approve constitutional torts, they have no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct."  Id.

17

Here, Plaintiff has produced no evidence that Defendant Mooney played an affirmative part in the violation of his constitutional rights by the Defendant Patrolmen or encouraged the alleged unconstitutional conduct in any way.  Instead, Plaintiff argues that Defendant Mooney, as Chief of Police, failed to train his patrolmen and this led to violations of Plaintiff's constitutional rights.  This is insufficient to sustain a claim against Defendant Mooney under § 1983 because Defendant Mooney had no affirmative duty to train his Patrolmen to prevent the alleged unconstitutional conduct.  Therefore, to the extent Plaintiff seeks to bring a failure to train claim directly against Defendant Mooney as a supervising public official, this claim is not cognizable under Section 1983 and must be dismissed.[2]

To the extent Plaintiff seeks to bring a common law tort

---

[2] This dismissal does not affect Plaintiff's failure to train claim against Defendant Atlantic City and the Plaintiff will be permitted to pursue this claim against the municipality. To bring a claim of failure to train under § 1983, a Plaintiff must (1) identify the deficiency in training; (2) prove that the deficiency caused the alleged constitutional violation; and (3) prove that the failure to remedy the deficiency constituted deliberate indifference on the part of the municipality. Malignaggi v. County of Gloucester, 855 F.Supp. 74, 77 (D.N.J. 1994) (citing City of Canton v. Harris, 489 U.S. 378, 391, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)). To prove the training deficiency caused the alleged constitutional violation, a close causal link must be shown.
Since Defendant Atlantic City has not moved for summary judgment, the court makes no finding as to the viability Plaintiff's § 1983 failure to train claim against the municipality.

claim against Defendant Mooney for negligent supervision, summary judgment is also appropriate.  Under New Jersey law, a negligent supervision claim can only be brought against the employer entity and is not cognizable against the individual supervisor.  <u>Di Cosala v. Kay</u>, 91 N.J. 159, 173-74 (1982).  In recognizing the tort of negligent hiring or failure to fire, the New Jersey Supreme Court explained that this cause of action "follows from tort principles of negligence and foreseeability as well as from firmly established principles of agency and vicarious liability. An employer whose employees are brought into contact with members of the public in the course of their employment is responsible for exercising a duty of reasonable care in the selection or retention of its employees."  <u>Id.</u>  at 171.

Thus, the tort of negligent hiring or retention is cognizable against an employer through the principles of agency and vicarious liability.  It is not cognizable against individual supervisors in their personal capacity.  In this case, the employer of the Defendant Patrolmen is the municipality, Defendant Atlantic City, not Defendant Mooney.  Therefore, to the extent Plaintiff seeks to bring a state tort claim against Defendant Mooney in his capacity as Chief of Police for negligent hiring or retention, this claim is not cognizable and Defendant Mooney's motion for summary judgment will be granted.

**IV. CONCLUSION**

For the reasons discussed herein, Defendant Mooney's motion for summary judgment will be granted. The accompanying Order will be entered.

 **August 20, 2013**   **s/ Jerome B. Simandle**
Date                    JEROME B. SIMANDLE
                        Chief U.S. District Judge