IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIGUEL DURAN, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 07-5994 (JBS/AMD) |
| OFFICER WILLIAM WARNER, et al., | |
| Defendants. | **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

This matter comes before the Court on pro se Plaintiff Miguel Duran's motion to reopen the judgment in this case pursuant to Rule 60(b)(6), Fed. R. Civ. P., and transfer his case, filed on December 22, 2015. [Docket Item 278.] Plaintiff alleges in his motion that counsel acted in bad faith, committed fraud, and "conspired" "through threats and influenced [sic], such retaliation and harassment to force the plaintiff to have to settle." (See Pl. Br. at 25.) Plaintiff also seeks to have this case transferred to another court "due to Bias, unfair, and Prejudice treatment In the Court in the Summary Judgment [sic]." (Id.) All defendants oppose. [Docket Item 279.] For the reasons set forth below, the motion to reopen will be denied.

1. The Court need not recite this case's lengthy factual and procedural history for the purposes of the instant motion. Instead, the Court notes that the parties reached a settlement

agreement in this case over two years ago, which was finally stipulated to on September 26, 2014 after a prolonged disagreement over the possible operation of a Medicaid/Medicaid lien on Plaintiff's award. [Docket Item 275.] By the terms of the parties' agreement, Plaintiff received payment in the amount of $30,000 in exchange for releasing all defendants from all claims pertaining to alleged incidents occurring on June 8, 2007, June 23, 2007, and between August 1, 2007 up to and including September 30, 2007. (See Ex. A to Def. Br. in Opp. [Docket Item 279-1].) This Court ordered the action dismissed with prejudice on September 30, 2014. [Docket Item 276.] Plaintiff then filed the instant motion on December 22, 2015 to reopen his case, set aside the judgment pursuant to Rule 60(b)(6), and transfer his case to a new court. [Docket Item 278.] All Defendants opposed Plaintiff's motion. [Docket Item 279.] The Court will decide this motion without holding oral argument pursuant to Fed. R. Civ. P. 78.

    2.   Rule 60(b), Fed. R. Civ. P., provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) Mistake, inadvertence, surprise, or excusable neglect;
> (2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

2

>     (4)  The judgment is void;
>     (5)  The judgment has been satisfied, released or discharged . . . or
>     (6)  Any other reason that justifies relief.

Any motion made under Rule 60(b) "shall be made within a reasonable time," and motions under subsections (1)-(3) must be made within one year from the entry of judgment. Fed. R. Civ. P. 60(c).

    3.    Plaintiff purports to bring his motion pursuant to Rule 60(b)(6), a "catch-all" provision that authorizes a court to grant relief from a final judgment for "any . . . reason" other than those listed elsewhere in the rule. Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014). First, the Court notes that subsection (6) is inapplicable to this motion. Plaintiff alleges that he is entitled to relief from the final judgment entered by stipulation in this case on September 30, 2014 [Docket Item 276] because opposing counsel acted in bad faith, committed fraud, and threatened him to force him to settle his claims. These allegations fall within the definition of subsection (3), "fraud . . ., misrepresentation, or misconduct by an opposing party." Because Plaintiff's motion was made more than a year after the final disposition of his case, Plaintiff's motion is time-barred by Rule 60(c).

    4.    However, even if Rule 60(b)(6) were applicable to Plaintiff's claims, relieving him of the one-year limitations

3

period of 60(b)(3), Plaintiff has not demonstrated that he is entitled to relief under that provision. Relief is available under Rule 60(b)(6) "only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." Cox, 757 F.3d at 120 (citing Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)). "But extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008).

5.   It is clear to the Court that it was Plaintiff's "deliberate choice" to settle his case.

6.   His present motion rehashes his claims about conditions of confinement and pretrial discovery disputes that were the subject of this case (and adjudicated over the course of more than six years) prior to his negotiation and agreement to the settlement that he now seeks to set aside. His claim that he was coerced into signing the settlement agreement is belied by the number of submissions filed two years ago when he sought this Court's assistance in enforcing a settlement agreement between the parties. [See Docket Items 259, 260, 264, 265, 268, 270, 271, 272 & 273.] Plaintiff, far from being coerced, was seeking to expedite the consummation of the settlement, as demonstrated by his correspondence with defense counsel on various dates in September, 2014. (Exs. A, B, C & D to Def. Br.

4

in Opp. [Docket Item 279].) Even if Plaintiff's motion had been filed within a reasonable time, which it was not, it presents no extraordinary circumstances warranting relief under Rule 60(b)(6) and must be denied.[1]

    7.    An accompanying order will be entered.

**August 30, 2016**      **s/ Jerome B. Simandle**
Date      JEROME B. SIMANDLE
    Chief U.S. District Judge

---

[1] As the Court denies Plaintiff's motion to reopen, it does not reach his motion to transfer this case to another court.