```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MIGUEL DURAN, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 07-5994 (JBS/AMD) |
| OFFICER WILLIAM WARNER, et al., | |
| Defendants. | **MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

    This matter comes before the Court on pro se Plaintiff Miguel Duran's second motion to reopen this case pursuant to Rule 60(b), Fed. R. Civ. P., filed on March 29, 2017. [Docket Item 284.] Plaintiff alleges, as he did in his first motion, that this case should be reopened and he should be relieved from judgment because he "made a force [sic], Coerced, Fraudulent Agreement and Settlement" with defendants. (Pl. Br. at 4.) All defendants oppose. [Docket Items 285 & 288.] For the reasons set forth below, the motion to reopen will be denied.

    1.    The factual background of this case has not changed since the August 30, 2016 Memorandum Opinion and Order denying Plaintiff's first motion to reopen. See Duran v. Warner, Civil No. 07-5995, 2016 WL 4544339 (D.N.J. Aug. 30, 2016). [Docket Items 281 & 282.] The Court notes that the parties reached a settlement agreement in this case over two years ago, which was

finally stipulated to on September 26, 2014 after a prolonged disagreement over the possible operation of a Medicaid/Medicaid lien on Plaintiff's award. [Docket Item 275.] By the terms of the parties' agreement, Plaintiff received payment in the amount of $30,000 in exchange for releasing all defendants from all claims pertaining to alleged incidents occurring on June 8, 2007, June 23, 2007, and between August 1, 2007 up to and including September 30, 2007. (See Ex. A to Def. Br. in Opp. [Docket Item 279-1].) This Court ordered the action dismissed with prejudice on September 30, 2014. [Docket Item 276.] Plaintiff then filed a motion on December 22, 2015 to reopen his case, set aside the judgment pursuant to Rule 60(b)(6), and transfer his case to a new court [Docket Item 278]. The Court entered an Order to reopen the case on August 29, 2016 [Docket Item 280],[1] and Plaintiff's motion to set aside the settlement was denied on August 30, 2016. [Docket Items 281 & 282.]

---

[1] Mr. Duran's statements that the Court "had agreed that the settlement was not permissible; and that the Court was in the process of waving the settlement agreement" are incorrect. (Pl. Br. at 5; see also Pl. Reply Br. at 3, 4.) It appears that Plaintiff believes he received an order from this Court setting aside the settlement, before receiving a copy of the August 30, 2016 Opinion [Docket Item 281] in the mail. (See Pl. Reply Br. at 12 ("What is very questionable is that This ordered by Hon Jerome Simandle now alleges that the Plaintiff didn't file the motion on timely fashion within one year, when the Motion previously received by Michele L Baxter who decease, was found dead in the mailing address, who witness the order and gave Plaintiff the message where the previously order by Hon Jerome Simandle stated that the settlement was not permissible, due to

2. This motion followed on March 29, 2017. [Docket Item 284.] The Court will decide this motion without holding oral argument pursuant to Fed. R. Civ. P. 78.

3. Rule 60(b), Fed. R. Civ. P., provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) Mistake, inadvertence, surprise, or excusable neglect;
> (2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) The judgment is void;
> (5) The judgment has been satisfied, released or discharged . . . or
> (6) Any other reason that justifies relief.

Any motion made under Rule 60(b) "shall be made within a reasonable time," and motions under subsections (1)-(3) must be made within one year from the entry of judgment. Fed. R. Civ. P. 60(c).

4. As with Plaintiff's first motion to reopen, this motion is untimely and fails to set forth "extraordinary circumstances" which would permit this Court to reexamine the judgment three years after the case was closed. Plaintiff alleges that he is entitled to relief from the final judgment

---

Settlement agreement not being settle properly.") [sic].) Mr. Duran is totally misinterpreting this Court's Order of August 29, 2106, which simply reopened the docket so that his motion could be considered. [Docket Item 280].

entered by stipulation in this case on September 30, 2014 [Docket Item 276] because opposing counsel committed fraud, coerced, deceived, and threatened him to force him to settle his claims. (See, e.g., Pl. Br. at 9.) These allegations fall within the definition of subsection (3), "fraud . . ., misrepresentation, or misconduct by an opposing party." Because Plaintiff's motion was made more than a year after the final disposition of his case, Plaintiff's motion is time-barred by Rule 60(c).

5.  However, even if the "catch-all" provision of Rule 60(b)(6) were applicable to Plaintiff's claims, relieving him of the one-year limitations period of Rule 60(b)(3), Plaintiff has not demonstrated that he is entitled to relief under that section. Relief is available under Rule 60(b)(6) "only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014) (citing Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)). "But extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008).

6.  It is clear to the Court that it was Plaintiff's "deliberate choice" to settle his case.

7. His present motion rehashes his claims about pretrial discovery disputes and the alleged civil rights violations that were the subject of this case (and adjudicated over the course of more than six years) prior to his negotiation and agreement to the settlement compromise that he now seeks to set aside. His claim that he was coerced into signing the settlement agreement is belied by the number of submissions filed two years ago when he sought this Court's assistance in <u>enforcing</u> a settlement agreement between the parties. [<u>See</u> Docket Items 259, 260, 264, 265, 268, 270, 271, 272 & 273.] Plaintiff, far from being coerced, was seeking to expedite the consummation of the settlement. Even if Plaintiff's motion had been filed within a reasonable time, which it was not, it presents no extraordinary circumstances warranting relief under Rule 60(b)(6) and must be denied.

8. To the extent that this motion should be viewed as one for reconsideration of the Court's August 30, 2016 Opinion and Order under Local Civil Rule 7.1(i), the motion still will be denied. In order to prevail on a motion for reconsideration, the party seeking reconsideration must, as relevant here, demonstrate "'the need to correct a clear error of law or fact or to prevent manifest injustice.'" <u>Andreyko v. Sunrise Sr. Living, Inc.</u>, 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (citations omitted); <u>Lazaridis v. Wehmer</u>, 591 F.3d 666, 669 (citation

omitted) (3d Cir. 2010) (same). More specifically, the moving party must set forth the "dispositive factual matters or controlling decisions of law" it believes the Court overlooked when rendering its initial decision. Mitchell v. Twp. of Willingboro Mun. Gov't, 913 F. Supp. 2d 62, 78 (D.N.J. 2012) (internal citation omitted).

9. In that way, a party seeking reconsideration must meet a high burden. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994); Maldonado v. Lucca, 636 F. Supp. 621, 629 (D.N.J. 1986). Even more critically, though, reconsideration does not provide "an opportunity for a second bite at the apple," Tishcio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998), nor a vehicle "to relitigate old matters." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). In other words, the essence of a motion for reconsideration is an opportunity for a party to present to the Court a matter or controlling decision of law that the Court "overlooked" in the prior decision: that is, a matter that was presented to the Court but not considered in the initial motion practice, which might reasonably have resulted in a different conclusion. SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J. 1989), aff'd, 891 F.2d 283 (3d Cir. 1989).

10. Motions for reconsideration must be filed "within 14 days after the entry of the order or judgment on the original

6

motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(i). An untimely filed motion for reconsideration "may be denied for that reason alone." Morris v. Siemens Components, Inc., 938 F. Supp. 277, 278 (D.N.J. 1996). The Court will deny Plaintiff's motion for reconsideration as untimely.

11. Even if Plaintiff's motion had been submitted within fourteen days, he has not met the high standard required for relief on a motion for reconsideration. Plaintiff argues in his reply brief that "The Court error, mistakenly discretionary denies the order to reopen in Good Faith" [sic]. (Pl. Reply Br. at 12.) The Court understands Plaintiff to take the position that this Court erred by denying his first motion to reopen, but he has merely reargued the same points he did a year ago without identifying which matters were presented but overlooked and would result in a different outcome. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001)(quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)). "A motion for reconsideration is improper when it is used solely to ask the court to rethink what it has already thought through – rightly or wrongly." Arista Records, Inc. v.

7

Flea World, Inc., 356 F. Supp. 2d 411, 415 (D.N.J. 2005). Accordingly, the Court will not reconsider its August 30, 2016 Opinion and Order.

    12.   An accompanying order will be entered.


**July 10, 2017**                       **/s Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                         U.S. District Judge